UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MODERN WOODMEN OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANE R. ATTIX, DYLAN P. ATTIX, LAVON C. PEACOCK, and JULIE A. DURAND,<br><br>Defendants. | CASE NO. 2:26-cv-00585-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART AGREED MOTION FOR FINAL JUDGMENT |

This matter comes before the Court on Plaintiff Modern Woodmen of America's Agreed Motion for Final Judgment Order in Interpleader. Dkt. No. 28. For the reasons stated below, the Court grants the motion in part and denies it in part.

## I. BACKGROUND

Pursuant to Federal Rule of Procedure 22, Modern Woodmen of America ("MWA") filed an interpleader complaint against Defendants Dane R. Attix, Dylan P. Attix, Lavon C. Peacock, and Julie Durand, asserting jurisdiction under 28 U.S.C. §§ 1332(a) and 1335. Dkt. No. 1. MWA acknowledges that it owes payment under an insurance certificate and an annuity certificate—

specifically, a "Term Life Insurance Certificate, designated Certificate No. 8251378," and a "Premium Annuity Certificate, designated Certificate No. 8277369," *id.* at 3; *see id.* at 13–55—issued to the now-deceased Scott Anthony Wallace, but is not sure whether the proceeds should be distributed according to Washington's or Idaho's state laws. *Id.* at 3–9. MWA filed a motion for interpleader deposit, Dkt. No. 4, which the Court granted, Dkt. No. 20. MWA delivered the funds at issue to the Clerk of Court and the Clerk deposited the funds into the Court's Registry, Dkt. No. 24. Defendants Dane Attix, Dylan Attix, and Lavon Peacock (Peacock is Wallace's ex-wife; Dane and Dylan are her sons) filed a still-pending Rule 12(c) motion for judgment on the pleadings, Dkt. No. 25, which is opposed by Defendant Julie Durand (Wallace's sister), Dkt. No. 26. The two groups of defendants each claim the disputed funds based on competing views of which state's laws apply.

Having deposited the funds at issue with the Court and "done all that is required by law to perfect its interpleader action," MWA filed the motion now before the Court, seeking "judgment against Defendants and dismissal from this case with prejudice," as well as several injunctive forms of relief, discussed below. Dkt. No. 28 at 1, 6. The motion is unopposed by Defendants. Dkt. No. 30 at 1–2.

## II. DISCUSSION

MWA contends that the Court has jurisdiction to hear the interpleader action under both 28 U.S.C. § 1332 and 28 U.S.C. § 1335. Dkt. No. 28 at 3–4. It asserts that its interpleader complaint is proper and it is "entitled to the interpleader relief sought in its Complaint because the Defendants are competing claimants to the funds deposited with the Court and it has a real and reasonable fear of double or multiple liability." *Id.* at 5. It also notes that all Defendants have agreed that "MWA is entitled to $12,000 as a portion of its attorney's fees and costs for bringing this interpleader action from the amount on deposit with the Court." *Id.* at 6; *see* Dkt. No. 30 at 1–2. MWA requests

an order (1) permanently enjoining all Defendants from pursuing any claim in any forum against MWA "arising out of or related to" the financial instruments at issue in this case "or on account of the death of Scott Anthony Wallace," (2) per Federal Rule of Civil Procedure 54(b), entering judgment in MWA's favor with the finding that MWA has no further liability to Defendants regarding the financial instruments at issue in this case, (3) finding that MWA has acted in good faith, (4) excusing and dismissing with prejudice MWA from the case and ordering the Defendants "to litigate their claims and contentions" to the funds at issue, and (5) awarding MWA $12,000 in attorney's fees and court costs from the funds that MWA previously deposited with the Clerk. Dkt. No. 28 at 7–8.

Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335 allow a party to file a claim for interpleader if there is a possibility of exposure to double or multiple liability. Under 28 U.S.C. § 1335, the Court has jurisdiction to entertain an interpleader action if (1) the money or property at issue is valued at $500 or more, (2) two or more adverse claimants of diverse citizenship claim to be entitled to the money or property, and (3) the plaintiff with custody of the money or property has deposited the disputed funds into the registry of the court. "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (citation modified). An interpleader action typically involves two stages: first, the Court "decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund"; second, if the Court "finds that the interpleader action has been properly brought [it] will then make a determination of the respective rights of the claimants." *Id.* (citation modified). An interpleader-plaintiff is properly discharged from the dispute after it deposits the disputed funds with the court, *see Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999), and "should be awarded attorney fees

for the services of his attorneys in interpleading." *Schrimer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962); *see also Massachusetts Mut. Life Ins. Co. v. Morris*, 61 F.2d 104, 105 (9th Cir. 1932) (attorney's fees may be paid "out of the fund deposited in court"). A district court may enjoin the defendant-claimants from prosecuting any other claims against the interpleader-plaintiff relating to the "property, instrument or obligation" at issue. 28 U.S.C. § 2361.[1]

Here, MWA's interpleader action is proper under 28 U.S.C. § 1335 because the disputed funds far exceed $500, at least two of the defendant-claimants are of diverse citizenship, and MWA has deposited the disputed funds in its possession with the Court's Clerk. Dkt. No. 1 at 1–2; Dkt. No. 24. MWA admits its liability under the insurance and annuities certificates at issue, but "does not know who to pay due to the actual and potential conflicting claims[.]" Dkt. No. 1 at 9. MWA is "subject to the potential threat of multiple, conflicting claims," and because it has deposited the disputed funds and is now a "disinterested stakeholder," it is "entitled to be discharged from liability." *Standard Ins. Co. v. Asuncion*, No. C14-0134-JCC, 2014 WL 2765728, at *2 (W.D. Wash. June 18, 2014). Further, MWA's request for injunctive relief protecting it against future claims to the funds is well-founded under 28 U.S.C. § 2361.

Finally, the parties do not contest an award of $12,000 in attorney's fees to MWA. Dkt. No. 30 at 1–2. "Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, *not* in litigating the merits of the adverse claimants' positions." *Trs. of Directors Guild of Am. Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir.

[1] The Court tailors the relief awarded below to conform with the statutory directive.

2000). MWA explains that it incurred more than $12,000 "associated with filing this interpleader action due to the competing claims of the Defendants," and did so "in good faith to the benefit of the stakeholders, without improperly protracting the proceedings," but "agreed to reduce the fees and costs it incurred by over 20%." Dkt. No. 28 at 6. The Court presumes that the parties' non-opposition to MWA's attorney fee request reflects their agreement that $12,000 was "reasonably expended on the interpleader" by MWA. Dkt. No. 30 at 1–2 (declaration from MWA's attorney averring that counsel for Defendants "agreed to the relief sought in [MWA's] proposed order" on behalf of their clients).

One issue remains: MWA seeks a finding that it has acted in good faith. Dkt. No. 28 at 7. Although the parties are free to execute agreements among themselves stipulating that MWA acted in good faith, MWA does not provide a legal basis for requesting this finding from the Court, nor does the Court have a full factual record before it from which it could make such a finding. Accordingly, the Court declines to grant this portion of MWA's motion.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART MWA's motion, Dkt. No. 28, and ORDERS as follows:

(1) Defendants Julie Durand (f/k/a Julie Smith Wallace), Dane R. Attix, Dylan P. Attix, and Lavon C. Peacock (f/k/a Lavon C. Wallace) are permanently enjoined from commencing or prosecuting any proceeding or claim against Modern Woodmen of America in any state or federal court or other forum arising out of or related to Certificate No. 8251378 or Certificate No. 8277369.

(2) Modern Woodmen of America is discharged of liability arising out of or related to Certificate No. 8251378 or Certificate No. 8277369 and is dismissed from the case.

(3) Modern Woodmen of America is awarded $12,000 in attorney's fees. The clerk is authorized and directed to draw a check on the funds deposited in the registry of this court in the principal amount of $12,000.00 plus zero interest, payable to Modern Woodmen of America and mail the check to Julie F. Wall, Chittenden, Murday, & Novotny LLC, 303 W. Madison, Suite 2400, Chicago, Illinois 60606.

(4) Because there is no just reason for delay, final judgment in discharge of interpleader shall be entered in favor of Modern Woodmen of America pursuant to Federal Rule of Civil Procedure 54(b).

Dated this 14th day of October, 2026.

Lauren King
United States District Judge